IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melissa Ann Weller<br>Ernest C. Weller III<br>　　　　　Debtors | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION<br>　　　　　Movant<br>vs. | NO. 17-15800 REF |
| Melissa Ann Weller<br>Ernest C. Weller III<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Certification of Default filed by Movant on September 11, 2018 as Document 55 is hereby resolved and the automatic stay as to 1013 Shilo Street, Reading PA 19605 remains in place.

2. This Stipulation supersedes the prior stipulation approved by this Court on June 5, 2018 as Document 51.

3. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$8,157.16,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2018 through September 2018 at $1,989.29/month |
| Legal Fees: | $200.00 |
| **Total Post-Petition Arrears** | **$8,157.16** |

4. The Debtors shall cure said arrearages in the following manner:

a). Within fourteen (14) days of the filing of this Stipulation, the Debtors shall cure the arrears in full;

b). Maintenance of current monthly mortgage payments to the Movant thereafter beginning on October 1, 2018, in the amount of $1,989.29 per month (subject to payment changes as allowed by the loan documents) sent to:

Freedom Mortgage Corporation
10500 Kincaid Drive
Fishers, IN 46037

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 25, 2018

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: October 5, 2018

George M. Lutz, Esquire
Attorney for Debtors

Date: 12/5/18

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

**Date: December 10, 2018**

Bankruptcy Judge
Richard E. Fehling